UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JAMES M. FREEMAN, JR. (#480524)                CIVIL ACTION

VERSUS

ASCENSION PARISH JAIL, ET AL.                  NO. 15-0612-JJB-EWD

RULING

The *pro se* petitioner, a prisoner previously confined at the Ascension Parish Jail ("APJ"), Donaldsonville, Louisiana, filed this proceeding pursuant to 42 U.S.C. § 1983 against APJ, Sheriff Jeff Wiley, Warden Paul Hall, and Dpty Warden Jude Richard, complaining that the defendants have discriminated against him in violation of his constitutional rights by preventing him from participating in religious services that are available to other prisoners and by not providing him with a Bible.

Pursuant to correspondence dated October 30, 2015 (R. Doc. 10), the Court directed the plaintiff to re-submit his Complaint within twenty-one (21) days, providing the names of the parties where appropriate on the Court's approved complaint form. The referenced correspondence specifically advised the plaintiff that "failure to amend the pleadings or provide the requested information or forms as indicated will result in the dismissal of your suit by the Court without further notice." *Id.* In addition, pursuant to Order dated November 2, 2015 (R. Doc. 11), the Court directed the plaintiff to pay an initial partial filing fee in the amount of $5.51 within twenty-one (21) days "or this action shall be dismissed." Finally, a Notice was forwarded to the plaintiff by the Court on January 6, 2016 (R. Doc. 18), advising the plaintiff that this case has been reassigned from Magistrate Judge Stephen C. Riedlinger to Magistrate Judge Erin Wilder-Doomes.

A review of the record by the Court reflects that the plaintiff has failed to re-submit his Complaint or make the initial partial payment as directed. Instead, the above-referenced

correspondence, Order and Notice (R. Docs. 10, 11 and 18), each of which were forwarded to the plaintiff at his record address, have been returned to the Court as undeliverable, marked "Return To Sender," apparently because the plaintiff is no longer confined at the Ascension Parish facility. *See* R. Docs. 12-17 and 19. It thus appears that the plaintiff may have lost interest in pursuing this matter since his release or transfer from the referenced facility.

Pursuant to Local Rule 41(b)(4) of this Court, the failure of a *pro se* litigant to keep the Court apprised of a change of address may constitute cause for dismissal for failure to prosecute when a notice has been returned to a party or the Court for the reason of an incorrect address, and no correction has been made to the address for a period of thirty (30) days. As a practical matter, this case cannot proceed without the re-submission of the plaintiff's Complaint in proper form, without the payment of the initial partial filing fee ordered by the Court, and without an address where the plaintiff may be reached and where he may receive pleadings, notices or rulings. Accordingly, the Court concludes that the above-captioned proceeding should be dismissed, without prejudice, for failure of the plaintiff to comply with the Court's directives and for failure to prosecute this proceeding by failing to keep the Court apprised of a current address. Therefore,

**IT IS ORDERED** that the above-captioned proceeding be **DISMISSED,** without prejudice, for failure of the plaintiff to comply with the Court's directives and for failure prosecute this proceeding by failing to keep the Court apprised of a current address. Judgment shall be entered accordingly.

Baton Rouge, Louisiana, this 15th day of March, 2016.

JAMES J. BRADY
UNITED STATES DISTRICT JUDGE